**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**


**In Case No. 2016-0230, <u>Town of Alton v. Mark J. Hanson,</u> the court on December 21, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Mark J. Hanson, appeals the order of the Superior Court (<u>O'Neill</u>, J.), following a bench trial, granting the petition of the plaintiff, Town of Alton (town), to enjoin violations of the town's zoning ordinance and award attorney's fees.  <u>See</u> RSA 676:17 (2016).  The trial court found that the defendant was operating a junk yard on his residential property from at least December 2010 until May 2014, that he "either wholly ignored or only minimally addressed" the town code enforcement officer's repeated concerns about the condition of the property during that time, and that, absent an injunction, there is a substantial likelihood that he would resume using the property in a noncompliant manner.

The defendant argues that the trial court erred in:  (1) denying his motion to dismiss, in which he argued that the town's code enforcement officer lacked authority to initiate this action; (2) enjoining him from operating a "junk yard" or "automotive and truck junk yard," when those terms are not defined in the zoning ordinance or site plan review regulations; (3) finding that his activities did not constitute an accessory use of his residence; (4) concluding that his activities did not constitute noncommercial restoration of antique automobiles; (5) concluding that he was using his property as a junk yard, when some of the motor vehicles and parts on the property were allowed under the ordinance; (6) finding that an injunction was necessary, when the town conceded that he came into compliance prior to the final hearing, but after suit was filed; (7) awarding attorney's fees for violating the ordinance, when attorney's fees are not included in statutory penalties available under the junk yard statute; (8) awarding attorney's fees when the town failed to prove that he was operating a junk automotive business or dealership, and when the town sought to prohibit him from certain activities that are allowed under the ordinance; and (9) approving the town's request for approximately $36,000 in attorney's fees, subject to certain modifications by the court, despite his assertion that such fees are excessive.

As the appealing party, the defendant has the burden of demonstrating reversible error.  <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014).  Based upon our

review of the trial court's well-reasoned orders, the defendant's challenges to them, the relevant law, and the record submitted on appeal, we conclude that the defendant has not demonstrated reversible error.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
